UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAM AND JENNIFER FINEGAN, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | Civ. Action No. 4:10-cv-04645 |
| | § | |
| CHASE HOME FINANCE, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Before the Court is Defendant's Motion for Judgment on the Pleadings and Brief in Support of Same ("Motion"). (Doc. No. 9.) The Court interprets Plaintiffs' failure to respond to the Motion as a representation of no opposition. Texas Local Rule 7.4. After considering the Motion and the applicable law, the Court concludes that the Motion should be **GRANTED.**

### I. BACKGROUND

As a result of damage from Hurricane Ike, Sam and Jennifer Finegan's ("Plaintiffs" or "the Finegans") property ("the Property") "was and remains uninhabitable." (Doc. No. 1-1, Orig. Pet. 1.) Plaintiffs immediately reported this fact to Chase Home Finance, LLC ("Defendant" or "Chase"), which had provided the Plaintiffs with their mortgage. (*Id.*) Plaintiffs had to find alternative living arrangements, and Sam Finegan's business "was destroyed by the storm." (*Id.*) Therefore, Plaintiffs requested assistance and information about options for deferral or other programs that might be available to them. (*Id.* 2.) Plaintiffs also informed Chase that they were awaiting insurance proceeds, and intended to pay off their loan in full when their insurance claim

was finalized. (*Id.*) Sam Finegan made multiple telephone calls to Chase, but he "had to repeat his explanation of the situation with each call because he could never talk to the same person or anyone familiar with the property." (*Id.*) Indeed, "[n]o one at Chase seemed to realize that the [P]roperty was virtually destroyed." (*Id.*)

Plaintiffs sent Chase a check for $20,000, which Chase received on November 13, 2008. (*Id.*) Although Chase should have applied the payment to Plaintiffs' loan, it "held that payment without providing the Finegans with any credit for it whatsoever." (*Id.*) Chase then "submitted negative credit information to various credit reporting agencies." (*Id.*) Plaintiffs "demanded that Equifax, Experian and Trans Union Corporation correct or remove any and all such detrimental reports." (*Id.*) Despite Plaintiffs' attempts, "these credit reporting agencies continue to disseminate this false and misleading information." (*Id.*) Chase "held $20,000 in funds sent by the Finegans from November 13, 2008 until the loan was paid off." (*Id.*) Although "[t]his amount was more than the amount owed by the Finegans over the relevant time period," Chase "refused to credit the account in that amount." (*Id.*) To date, "Chase has persisted in asserting its fictitious claims to the national credit reporting agencies." (*Id.* 3.)

Plaintiffs' mortgage was paid in full by May 2009. (*Id.*) A check was then issued to the Plaintiffs by Chase, purporting to be the overage amount from the claim check. (*Id.*) Chase did not include, with the payment, an explanation as to how the overage amount was computed. (*Id.*) As Plaintiffs believed the overage was significantly less than the correct amount, they requested and received additional documentation, which nonetheless "shed no further light on the situation." (*Id.*) Plaintiffs state that the facts in the Original Petition show that Chase: (1) "Failed to state material facts necessary to

2

render information regarding their account that was not misleading;" (2) "Misrepresented and continues to misrepresent the status of payments made by the Finegans on their account; and" (3) "Made statements or representations which led the Finegans to false conclusions regarding the status of payments and of this account." (*Id.* 4.)

Plaintiffs filed this lawsuit against Chase, asserting violations of the Texas Deceptive Trade Practices Act ("DTPA") and the Fair Credit Reporting Act ("FCRA"). (*Id.* 5.) Plaintiffs ask for preliminary and permanent injunctive relief enjoining Chase from further violations of the FCRA, and request punitive damages. (*Id.* 6.) The case was removed pursuant to this Court's diversity jurisdiction and federal question jurisdiction. (Doc. No. 1, Notice of Removal ¶ 3.)

## II. LEGAL STANDARD

A court may hear a party's motion for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). In deciding a Rule 12(c) motion, the Court applies the same standard as that used in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). "'The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.'" *Id.* (quoting *Great Plains Trust Co.*, 313 F.3d at 312).

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.*  A pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citation omitted).

Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff.  The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 129 S. Ct. at 1950 (citation omitted).  The court should not "'strain to find inferences favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'"  *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)).

### III. ANALYSIS

The Court concludes that Plaintiffs do not state a claim upon which relief can be granted under either the DTPA or the FCRA.

#### A. DTPA

Plaintiffs claim that Chase violated the DTPA by "knowingly and negligently fail[ing] to properly credit the Plaintiffs' account for monies received" and "continu[ing] to withhold information regarding the payoff of the loan." (Orig. Pet. 4.) A plaintiff can maintain an action under the DTPA by pleading facts showing (1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995) (citing Tex. Bus. & Com. Code § 17.50(a)(1)). Therefore, to prevail on a DTPA claim, Plaintiffs must establish that they were consumers. *Id.* (citing Tex. Bus. & Com. Code § 17.45(4); *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 538 (Tex. 1981)). "Consumer" is defined as a person "who seeks or acquires by purchase or lease, any goods or services." *Luker v. Arnold*, 843 S.W.2d 108, 111 (Tex.App.-Fort Worth 1992, no writ) (citing Tex. Bus. & Com. Code. Ann. § 17.45 (Vernon 1987)). To qualify as consumers, (1) Plaintiffs must have sought or acquired goods or services by purchase or lease, and (2) the goods or services purchased or leased must form the basis of their Original Petition. *First State Bank of Canadian, Texas v. McMordie*, 861 S.W.2d 284, 285 (Tex.App.-Amarillo 1993, no writ) (citing *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 539 (Tex. 1981)). "'If either requirement is lacking, the person aggrieved by a deceptive act or practice must look to the common law or some other statutory provision for redress.'" *Id.* (quoting *Cameron*, 618 S.W.2d at 539).

Plaintiffs sought to obtain an extension of credit through a home equity loan. "[S]ubsequent actions related to mortgage accounts—for example, extensions of further credit or modifications of the original loan—do not satisfy the 'good or services' element

of the DTPA." *Broyles v. Chase Home Finance*, No. 3:10-CV-2256-G, 2011 WL 1428904, at *4 (N.D. Tex. April 13, 2011). *See also Swim v. Bank of Am., N.A.*, No. 3:11-CV-1240-M, 2012 WL 170758, at *6 (N.D. Tex. Jan. 20, 2012); *Manno v. BAC Home Loans Servicing, LP*, No. A-11-CA-347 LY, 2011 WL 3844900, at *4 (W.D. Tex. Aug. 26, 2011); *Cavil v. Trendmaker Homes, Inc.*, No. G-10-304, 2010 WL 5464238, at *4 (S.D. Tex. Dec. 29, 2010); *Everson v. Mineola Comm. Bank, S.S.B.*, No. 12-05-00334-CV, 2006 WL 2106959, at *2 (Tex.App.-Tyler July 31, 2006, pet. denied). Furthermore, Plaintiffs' Property in this case is not the basis of their DTPA claim. *Manno*, 2011 WL 3844900, at *5. For these reasons, Plaintiffs do not qualify as consumers under the DTPA. Therefore, Plaintiffs have failed to state a claim under the DTPA.

### B. FCRA

Plaintiffs allege that Chase violated the FCRA because, "with full knowledge of payments," Chase "willfully and negligently failed to give the Plaintiffs proper credit for payments and wrongfully reported non-payments to the Credit Reporting Agencies." (Orig. Pet. 4.) There is no private cause of action under 15 U.S.C. § 1681s-2(a), which concerns the duty of furnishers of information to provide accurate information. 15 U.S.C. § 1681s-2(c)(1); *Setzer v. Richards*, No. A-11-CA-214 LY, 2012 WL 32943, at *7 (W.D. Tex. Jan. 5, 2012) (citing cases). In contrast, 15 U.S.C. § 1681s-2(b) concerns the duties of furnishers of information upon notice of a dispute. Violations of § 1681s-2(b) may give rise to a private right of action. *See, e.g., Smith v. Nat'l City Mortg.*, No. A-09-CV-881 LY, 2010 WL 3338537, at *15 (W.D. Tex. Aug. 23, 2010) ("While the Fifth Circuit has not ruled on the issue, numerous district courts within this circuit, as well as other circuit courts, have held that there is a private right of action for individuals asserting

6

violations of § 1681s-2(b)." (footnote omitted)); *Zoluaga v. BAC Home Loans Servicing, L.P.*, No. 4:11-CV-369, 2011 WL 5600377, at *6 (E.D. Tex. Nov. 16, 2011). To recover under that section, Plaintiffs must demonstrate that: "(1) they notified a consumer reporting agency of inaccurate information; (2) the consumer reporting agency *notified the Defendants* of the dispute; [and] (3) the Defendants failed to conduct an investigation, correct any inaccuracies and failed to notify the consumer reporting agency of the results of the investigation." *Smith*, 2010 WL 3338537, at *15 (emphasis in original). Therefore, "liability for any alleged violations does not result until a credit reporting agency reports an inaccuracy and the furnisher fails to correct the error"; "[s]uch notice is necessary to trigger the furnisher's duties under Section 1681s-2(b)." *Davis v. Farm Bureau Bank, FSB*, No. SA-07-CA-967-XR, 2008 WL 1924247, at *3 (W.D. Tex. April 30, 2008).

Plaintiffs state that they notified consumer reporting agencies about the inaccurate credit information. (Orig. Pet. 2.) Yet Plaintiffs nowhere allege that the consumer reporting agencies notified Chase of the dispute. Therefore, their FCRA claim must be dismissed. *Smith*, 2010 WL 3338537, at *15 ("Because Plaintiffs' Amended Complaint fails to allege that the Defendants were ever notified of any inaccurate information contained in Plaintiffs' consumer credit report and failed to correct any alleged errors, Plaintiffs fail to state a viable claim under § 1681s-2(b)."); *Welder v. Welder*, No. G-08-252, 2010 WL 1960622, at *5 (S.D. Tex. May 14, 2010) ("Although the Fifth Circuit has not yet directly addressed whether a private right of action against a furnisher of information exists for violations of 15 U.S.C. § 1681s-2(b), it has noted in *dicta* that any liability for a violation of § 1681s-2(b) would not arise unless the furnisher had been notified of an inaccuracy and failed to correct the error." (citing *Young v. Equifax Credit*

*Info. Servs., Inc.*, 294 F.3d 631, 639-40 (5th Cir. 2002))); *Bittinger v. Wells Fargo Bank NA*, 744 F.Supp.2d 619, 629 (S.D. Tex. 2010) ("[Plaintiff] has not sufficiently pleaded that a consumer reporting agency reported an inaccuracy and that the furnisher of the information failed to correct it. [Plaintiff] has failed to state a valid claim under FCRA on which relief may be granted." (citations omitted)); *Ashton v. Sallie Mae, Inc.*, No. 3:10-CV-0084-D, 2010 WL 850984, at *2 (N.D. Tex. March 10, 2010) ("[Plaintiff] does not allege in his complaint that a consumer reporting agency notified Sallie Mae pursuant to 1681i(a)(2). He has therefore failed to state a claim for relief under § 1681s-2(b)."); *Davis v. Sallie Mae, Inc.*, No. 3:09-CV-00821-B, 2009 WL 2525303, at *4 (N.D. Tex. Aug. 18, 2009) ("[I]t is clear that any liability for a violation of section 1681s-2(b) would not arise unless Sallie Mae had been notified of an inaccuracy and failed to correct the error.").

### C. Injunctive Relief

Finally, Plaintiffs seek injunctive relief "enjoining the Defendant from engaging in further violations of the Fair Credit Reporting Act." (Orig. Pet. 6.) However, "[p]rivate plaintiffs cannot seek injunctive relief under the FCRA." *Bittick v. Experian Information Solutions, Inc.*, 419 F.Supp.2d 917, 919 (N.D. Tex. 2006) (citing *Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 269 (5th Cir.), *cert. denied*, 530 U.S. 1261, 120 S.Ct. 2718, 147 L.Ed.2d 983 (2000)). *See also Parker v. Trans Union, L.L.C.*, No. 4:10cv168, 2010 WL 2854255, at *3 (E.D. Tex. June 24, 2010); *Davis v. World Financial Network Nat. Bank*, No. 3-09-CV-0860-N (BF), 2009 WL 4059202, at *4 (N.D. Tex. Nov. 20, 2009). Therefore, Plaintiffs' claim for injunctive relief must be denied.

### IV. CONCLUSION

For the reasons explained above, the Court concludes that the Motion should be **GRANTED.** Plaintiffs' claims against Chase are **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 9th day of February, 2012.

**KEITH P. ELLISON**
**US DISTRICT COURT JUDGE**